FILED
CLERK

3:50 pm, Aug 08, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
ABHISHEK SHAH,

                     Plaintiff,

      -against-

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
------------------------------------------------------------X

**MEMORANDUM OF DECISION & ORDER**

23-CV-4700 (GRB)

**GARY R. BROWN, United States District Judge**:

      In this appeal brought pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), plaintiff challenges final determinations by the Commissioner of the Social Security Administration that he was ineligible to receive Social Security disability insurance benefits. *See* DE 1. Presently before the Court are the parties' cross motions, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings.

      The question presented on this appeal is whether the ALJ properly determined that the plaintiff, a younger individual and medical school graduate, who was disabled by several psychiatric conditions from prior relevant employment, retained the residual functional capacity to perform work that disentitles him from benefits. More specifically, the plaintiff challenges the ALJ's assessment of medical evidence and plaintiff's testimony. DE 19.

      In its review, the Court has applied the frequently reiterated standards for entitlement to Social Security disability benefits, review of a denial of such benefits, consideration of motions for judgment on the pleadings, examination of the procedures employed, the substantial evidence

1

rule, deference accorded to ALJ decisions, evaluation of vocational evidence and, importantly in this case, the proper assessment of medical evidence. These standards, along with numerous authorities and citations, are discussed at length, merely by way of example, in *Zacharopoulos v. Saul*, No. 19-5075 (GRB), 2021 WL 235630 (E.D.N.Y. Jan. 25, 2021), which discussion is hereby incorporated by reference. Furthermore, the central evidentiary question is brought into focus by the parties' contention statements, a practice implemented by the undersigned's Individual Practice Rules, as further discussed in *Madigan v. Comm'r of Soc. Sec.*, 2021 WL 956178, at *2 (E.D.N.Y. Mar. 15, 2021), and incorporated herein by reference.

     Plaintiff relies heavily upon the assessment of his condition by Dr. Skolnick, a treating psychiatrist. DE 23 at 368-72. However, while selected responses in that document could be read as problematic, on balance, that assessment does not dictate a finding that the plaintiff is disabled. Read in the context of the other medical evidence of record, including other findings by that provider over a period of years, the ALJ's determination does not appear unwarranted. The vocational expert's credible testimony providing that plaintiff, notwithstanding his limitations, retained the capacity to work as, for example, an industrial cleaner, further supported the ALJ's determination. That plaintiff looked for work and, for a time, successfully held a job working up to 25 hours per week further buttresses the ALJ's conclusions. As to plaintiff's subjective complaints, the law requires that the ALJ consider them. It does not dictate that he must credit them.

     Thus, in considering the record as a whole, it is clear that the ALJ's opinion is amply supported by substantial evidence. *Zacharopoulos*, 2021 WL 235630, at *7 ("[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive, 42 U.S.C.

§ 405(g), and therefore, the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*.'" (quoting *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013))).  Thus, this Court must affirm the decision of the Commissioner.

Based on the foregoing, the Commissioner's motion is granted, and the Plaintiff's motion is denied.  The Clerk of Court is directed to enter judgment and close the case.

**SO ORDERED.**

Dated: Central Islip, New York
       August 8, 2024

/s/ Gary R. Brown
GARY R. BROWN
United States District Judge

3